UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                :
UNITED STATES OF AMERICA        :
                                                :     14 Cr. 427 (VSB)
                - v. -                          :
                                                :
ALEX EKDESHMAN,                 :
                                                :
                Defendant.                      :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


## GOVERNMENT'S SENTENCING SUBMISSION


PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York  10007

Jessica A. Masella
Assistant United States Attorney
   -- Of Counsel --

**PRELIMINARY STATEMENT**

The Government respectfully submits this memorandum in connection with the sentencing of defendant Alex Ekdeshman ("Ekdeshman "), which is scheduled for June 29, 2015, at 3:00 p.m. For the reasons that follow, the Government submits that sentence within the range of 120months' imprisonment calculated pursuant to the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") or another sentence including a substantial term of imprisonment is appropriate in this case.

Ekdeshman engaged in two separate fraudulent schemes over the course of a three-year period. During that time, he and others working for him solicited money from more than 200 investor-victims, who were told that their money would be invested in the foreign exchange. Instead, Ekdeshman and others misappropriated the vast majority of investors' funds and used the money for themselves or to pay expenses associated with the fraudulent business. In total, more than $3.5 million was misappropriated by Ekdeshman and others working for him. To make matters worse, in 2013 – after the first fraud scheme was shut down by civil regulatory authorities but before the second fraud scheme was initiated – Ekdeshman was the subject of a court order barring him from any participation in the solicitation of money from investors. Despite the first civil regulatory action and its consequent penalties, Ekdeshman nonetheless orchestrated and conducted a second fraud scheme, identical to the first in all but name.

Ekdeshman's criminal conduct was sustained and brazen, and the goals of sentencing—particularly just punishment, promotion of respect for the law, and adequate deterrence—warrant a substantial term of imprisonment.

**STATEMENT OF FACTS**

On February 5, 2015, Ekdeshman entered a plea of guilty to Count One of the Indictment, charging him with commodities fraud. The charged conduct stemmed from a fraud scheme surrounding Paramount Management, LLC ("Paramount Management"), a commodity pool operator of which Ekdeshman was the Chief Executive Officer. Ekdeshman and his employees at Paramount Management represented to investors that their funds would be used to invest in foreign exchange currency transactions. During the two-year time period between May 2011 and May 2013, Ekdeshman and other Paramount Management employees solicited over $1.5 million from over 100 investors. Contrary to what they were told, the investors' money was not invested in the foreign exchange; instead, it was used by Ekdeshman to pay for his own personal expenditures and for business expenses related to Paramount Management. In May 2013, the Paramount Management fraud scheme was shut down by the Commodities Futures Trading Commission (the "CFTC"). As part of the CFTC civil regulatory action, Ekdeshman agreed to an order barring him from any future participation in the commodities industry.

Shortly after the bar order, Ekdeshman and another individual, Edward J. Servider, initiated another fraud scheme that was substantially similar to the Paramount Management scheme. It had a different name, EJS Capital Management, and was nominally run by Servider, but Ekdeshman was involved in the day-to-day operation of EJS Capital Management and had access to the investors' funds. Like with Paramount Management, investors were told that their funds would be invested in the foreign exchange; in reality, they were misappropriated by Ekdeshman and Servider and used for their own personal expenditures as well as to pay business expenses. During the year between May 2014 and May 2014, when he was arrested by federal authorities in connection with this case, Ekdeshman, Servider, and others working for them

collected more than $2 million from an additional 90 victims.



# DISCUSSION

Applying the factors set forth in Title 18, United States Code, Section 3553(a), a sentence within the applicable Guidelines range of 120 months' imprisonment or another sentence including a substantial term of incarceration is "sufficient, but not greater than necessary" to serve the goals of sentencing.  Ekdeshman, and others working for him made egregious misrepresentations to hundreds of investors and stole millions of dollars.  In addition, Ekdeshman continued to do so by enlisting the help of others, even after he faced severe civil penalties and was barred from soliciting investments himself.  This conduct occurred over a three-year period, and was not fleeting or brief.  The magnitude of the fraud was also substantial in absolute terms – involving over $3 million – as well as when considered among individual victims, many of whom lost their whole investment.  The "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), thus weigh heavily in favor of a substantial term of imprisonment.

So, too, do the "history and characteristics of the defendant," *id.*, insofar as they are reflected in such sustained, calculated criminal conduct which continued unabated, even after Ekdeshman faced severe civil regulatory penalties in May 2013.  Finally, a Guidelines sentence or another sentence including a substantial term of incarceration is needed here "to reflect the

seriousness of the offense," "promote respect for the law", "provide just punishment," and adequately deter similar conduct.  18 U.S.C. § 3553(a)(2).

I.      **Application of the Guidelines**

The parties and the Probation Office agree that the Guidelines range for imprisonment in this case is 120 months' imprisonment (based on an Offense Level of 33, a Criminal History Category of I, which would result in a range of 135 to 168 months, except that there is a statutory cap of 120 months).  In his submission, Ekdeshman points to certain amendments to the Guidelines, which are expected to take effect in Novmber 2015.  The Government agrees that the Court can consider these proposed amendments with respect to formulating an appropriate sentence for Ekdeshmen.  In particular, he notes that the enhancement for loss amount would decrease by two levels, as would the enhancement for number of victims.  The amended loss table would require a loss amount exceeding $3.5 million for the 18-point enhancement (currently it is $2.5 million).  The actual loss amount in this case is slightly over $3.5 million cutoff, but Ekdeshman is correct that the enhancement under the amended Guidelines for the number of victims would decrease by two levels.  The resulting Guidelines range would be 108 to 135 months (based on an Offense Level of 31 and Criminal History Category I).

II.     **The Governing Legal Framework**

The Guidelines still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005) and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005).  Although *Booker* held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  *Booker*, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable

4

Guidelines range"—that "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, *see id*. § 3553(a)(2); "the kinds of sentences available," *id*. § 3553(a)(3); the Guidelines range itself, *see id*. § 3553(a)(4); any relevant policy statement by the Sentencing Commission, *see id*. § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," *id*. § 3553(a)(6); and "the need to provide restitution to any victims," *id.* § 3553(a)(7).  *See Gall* v. *United States*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

- (B) to afford adequate deterrence to criminal conduct;

- (C) to protect the public from further crimes of the defendant; and

- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within the applicable Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6.  Their relevance throughout the sentencing process stems in part from the fact that,

while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 551 U.S. 338, 348 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46; *see also Rita* v. *United States*, 551 U.S. at 349.  To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

### III.     The Seriousness of the Offense

The seriousness of the offense here is significant.  As detailed above, Ekdeshman was the person who set up and orchestrated two wide-ranging frauds.  The fraudulent conduct – and his central role in it – spanned three years, and involved hundreds of victims, who collectively lost over $3.5 million.  Ekdeshman does not deny the seriousness of his offense conduct.  Instead, he recounts personal hardship from his childhood and recent medical issues involving his son.  Although the Government does not minimize the stress of Ekdeshman's son's medical issues, the Government submits that it does not significantly undermine the need for Ekdeshman's sentence to address the seriousness of his conduct.  As the facts make clear, Ekdeshman's conduct was not one-time or fleeting.  Instead, Ekdeshman methodically and consistently, virtually every day and over a several-year period, was consistently employed in two businesses that were each a complete fraud.  He also enlisted the help of other individuals, who perpetuated the fraud under his leadership.  For these reasons, the seriousness of Ekdeshman's offense weighs in favor of a Guidelines sentence or another sentence including a substantial term of imprisonment.

**IV.     The History and Characteristics of the Defendant**

Of course, severity of the offense conduct is not the only consideration at sentencing. The Court must also consider the history and characteristics of the defendant, as well as the need for the sentence to further the goals of, among other things, promotion of respect for the law, just punishment, and adequate deterrence. *See* 18 U.S.C. § 3553(a). Like the nature of the offense conduct, these other considerations support imposition of a Guidelines sentence or another sentence involving a substantial term of imprisonment.

Certain aspects of Ekdeshman's character no doubt are reflected in the positive letters submitted to the Court on his behalf. And his life has not been without challenges, as reflected in some of those letters. However, he committed serious crimes designed to mislead investors and ultimately steal the entirety of their funds entrusted to him. If the conduct at issue truly were an aberration, the call for leniency on the basis of the issues raised by the defendant might have more merit. As it is, however, the Court's assessment of Ekdeshman's character cannot ignore the scope and extent of his crime, which spanned over three years and comprised his full-time occupation.



However, it also bears noting that Ekdeshman was already previously caught and his fraud shut down, by the CFTC. Having faced significant civil penalties, including a bar order, Ekdeshman went right out again and started up another fraud scheme, identical except for the name, and enlisted another individual to run the fraud for him. Thus, it appears that only the threat of significant criminal penalties was enough for Ekdeshman to reform himself.

7

**V.     A Guidelines Sentence is Appropriate to Serve the Purpose of Deterrence**

Turning to the needs to promote respect for the law and afford adequate deterrence, the Government urges the Court to consider the manner in which Ekdeshman's conduct reflected not respect, but contempt, for the law.  Ekdeshman did not just flagrantly violate the commodities laws, but he continued to do so even after his first fraud scheme had been shut down by the CFTC.

Moreover, Ekdeshman's crime was not truly one of need.  There is nothing in Ekdeshman's background that demonstrates desperate financial circumstances.  Rather, Ekdeshman was apparently employed consistently for years, and had a longstanding relationship with his wife, who was also consistently employed in a stable job.

## CONCLUSION

For the foregoing reasons, the Government respectfully submits that a sentence within the Guidelines range of 120 months' imprisonment or another sentencing including a substantial term of imprisonment is appropriate.

DATED:     June 22, 2015
           New York, New York

                                                Respectfully submitted,

                                                PREET BHARARA
                                                United States Attorney

                                                By: __s/Jessica A. Masella/_____ ___
                                                    Jessica A. Masella
                                                    Assistant U.S. Attorney
                                                    Southern District of New York
                                                    Tel. (212) 637-2288

Cc:    Ronald Fischetti, Esq.
       Phyllis Malgieri, Esq.